1   STEPHEN M. HAYES (SBN 83583)
    STEPHEN P. ELLINGSON (SBN 136505)
2   CHERIE M. SUTHERLAND (SBN 217992)
    HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
3   203 Redwood Shores Pkwy., Ste. 480
    Redwood City, California  94065
4   Telephone:  650.637.9100
    Facsimile:  650.637.8071
5
    Attorneys for Defendant
6   STATE FARM GENERAL INSURANCE COMPANY

7   J. EDWARD KERLEY (SBN 175695)
    DYLAN L. SCHAFFER (SBN 153612)
8   HEREFORD KERLEY LLP
    1939 Harrison Street, Suite 500
9   Oakland, California 94612
    Telephone:  510.379.5801
10  Facsimile:  510.228-0350

11  Attorney for Plaintiffs
    JOSE and YADIRA FLORES dba LA ROSA MARKET

12
13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15  JOSE FLORES, an individual, and          CASE NO.  CV 13-05348 WHO
    YADIRA FLORES, an individual, dba
    LA ROSA MARKET,                          **STIPULATED PROTECTIVE**
16                                           **ORDER**
                 Plaintiffs,
17
          v.
18
    STATE FARM GENERAL INSURANCE
19  COMPANY, an Illinois Company, and DOES
    1through 15,
20
                 Defendants.
21

22

23

24

25

26

27

28

544408

1.      <u>PURPOSES AND LIMITATIONS</u>

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      <u>DEFINITIONS</u>

        2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

        2.2     <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

        2.3     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

        2.4     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

        2.5     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

        2.6     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

544408

1  witness or as a consultant in this action.

2      2.7      House Counsel:  attorneys who are employees of a party to this action. House

3  Counsel does not include Outside Counsel of Record or any other outside counsel.

4      2.8      Non-Party:  any natural person, partnership, corporation, association, or other

5  legal entity not named as a Party to this action.

6      2.9      Outside Counsel of Record:  attorneys who are not employees of a party to this

7  action but are retained to represent or advise a party to this action and have appeared in this action

8  on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

9      2.10     Party:  any party to this action, including all of its officers, directors,

10  employees, consultants, retained experts, and Outside Counsel of Record (and their support

11  staffs).

12      2.11     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

13  Material in this action.

14      2.12     Professional Vendors:  persons or entities that provide litigation support

15  services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

16  organizing, storing, or retrieving data in any form or medium) and their employees and

17  subcontractors.

18      2.13     Protected Material:  any Disclosure or Discovery Material that is designated as

19  "CONFIDENTIAL."

20      2.14     Receiving Party:  a Party that receives Disclosure or Discovery Material from a

21  Producing Party.

22  3.    SCOPE

23      The protections conferred by this Stipulation and Order cover not only Protected Material

24  (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all

25  copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

26  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

27  However, the protections conferred by this Stipulation and Order do not cover the following

28  information: (a) any information that is in the public domain at the time of disclosure to a

1   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a

2   result of publication not involving a violation of this Order, including becoming part of the public

3   record through trial or otherwise; and (b) any information known to the Receiving Party prior to

4   the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

5   the information lawfully and under no obligation of confidentiality to the Designating Party. Any

6   use of Protected Material at trial shall be governed by a separate agreement or order.

7   4.      DURATION

8           Even after final disposition of this litigation, the confidentiality obligations imposed by this

9   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

10  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

11  and defenses in this action, with or without prejudice; and (2) final judgment herein after the

12  completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

13  including the time limits for filing any motions or applications for extension of time pursuant to

14  applicable law.

15  5.      DESIGNATING PROTECTED MATERIAL

16          5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or

17  Non-Party that designates information or items for protection under this Order must take care to

18  limit any such designation to specific material that qualifies under the appropriate standards. The

19  Designating Party must designate for protection only those parts of material, documents, items, or

20  oral or written communications that qualify – so that other portions of the material, documents,

21  items, or communications for which protection is not warranted are not swept unjustifiably within

22  the ambit of this Order.

23          Mass, indiscriminate, or routinized designations are prohibited. Designations that are

24  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

25  unnecessarily encumber or retard the case development process or to impose unnecessary expenses

26  and burdens on other parties) expose the Designating Party to sanctions.

27          If it comes to a Designating Party's attention that information or items that it designated for

28  protection do not qualify for protection, that Designating Party must promptly notify all other

1    Parties that it is withdrawing the mistaken designation.

2        5.2    Manner and Timing of Designations.  Except as otherwise provided in this

3    Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

4    ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be

5    clearly so designated before the material is disclosed or produced.

6        Designation in conformity with this Order requires:

7        (a)  for information in documentary form (e.g., paper or electronic documents, but

8    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

9    affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a

10   portion or portions of the material on a page qualifies for protection, the Producing Party also

11   must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

12   margins).

13       A Party or Non-Party that makes original documents or materials available for inspection

14   need not designate them for protection until after the inspecting Party has indicated which material

15   it would like copied and produced. During the inspection and before the designation, all of the

16   material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

17   Party has identified the documents it wants copied and produced, the Producing Party must

18   determine which documents, or portions thereof, qualify for protection under this Order. Then,

19   before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL"

20   legend to each page that contains Protected Material. If only a portion or portions of the material

21   on a page qualifies for protection, the Producing Party also must clearly identify the protected

22   portion(s) (e.g., by making appropriate markings in the margins).

23       (b)  for testimony given in deposition or in other pretrial or trial proceedings, that

24   the Designating Party identify on the record, before the close of the deposition, hearing, or

25   other proceeding, all protected testimony.

26       (c)  for information produced in some form other than documentary and for any other

27   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

28   or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

1  portion or portions of the information or item warrant protection, the Producing Party, to the

2  extent practicable, shall identify the protected portion(s).

3      5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

4  designate qualified information or items does not, standing alone, waive the Designating

5  Party's right to secure protection under this Order for such material. Upon timely correction of

6  a designation, the Receiving Party must make reasonable efforts to assure that the material is

7  treated in accordance with the provisions of this Order.

8  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

9      6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of

10  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

11  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

12  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

13  challenge a confidentiality designation by electing not to mount a challenge promptly after the

14  original designation is disclosed.

15      6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution

16  process by providing written notice of each designation it is challenging and describing the basis

17  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

18  notice must recite that the challenge to confidentiality is being made in accordance with this

19  specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

20  good faith and must begin the process by conferring directly (in voice to voice dialogue; other

21  forms of communication are not sufficient) within 14 days of the date of service of notice. In

22  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

23  designation was not proper and must give the Designating Party an opportunity to review the

24  designated material, to reconsider the circumstances, and, if no change in designation is offered,

25  to explain the basis for the chosen designation. A Challenging Party may proceed to the next

26  stage of the challenge process only if it has engaged in this meet and confer process first or

27  establishes that the Designating Party is unwilling to participate in the meet and confer process in

28  a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive challenging the confidentiality designation for each challenged designation.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the  Challenging Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
       OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

1    (c) cooperate with respect to all reasonable procedures sought to be pursued by the

2  Designating Party whose Protected Material may be affected.

3    If the Designating Party timely seeks a protective order, the Party served with the

4  subpoena or court order shall not produce any information designated in this action as

5  "CONFIDENTIAL" before a determination by the court from which the subpoena or order

6  issued, unless the Party has obtained the Designating Party's permission. The Designating Party

7  shall bear the burden and expense of seeking protection in that court of its confidential material –

8  and nothing in these provisions should be construed as authorizing or encouraging a Receiving

9  Party in this action to disobey a lawful directive from another court.

10  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

11      THIS LITIGATION

12    (a) The terms of this Order are applicable to information produced by a Non-Party in

13  this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

14  connection with this litigation is protected by the remedies and relief provided by this Order.

15  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

16  additional protections.

17    (b)  In the event that a Party is required, by a valid discovery request, to produce a

18  Non- Party's confidential information in its possession, and the Party is subject to an agreement

19  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

20    (1)  promptly notify in writing the Requesting Party and the Non-Party that some

21  or all of the information requested is subject to a confidentiality agreement with a Non-Party;

22    (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order

23  in this litigation, the relevant discovery request(s), and a reasonably specific description of the

24  information requested; and

25    (3)  make the information requested available for inspection by the Non-Party.

26    (c) If the Non-Party fails to object or seek a protective order from this court within 14

27  days of receiving the notice and accompanying information, the Receiving Party may produce the

28  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

-8-

1    seeks a protective order, the Receiving Party shall not produce any information in its possession or

2    control that is subject to the confidentiality agreement with the Non-Party before a determination

3    by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and

4    expense of seeking protection in this court of its Protected Material.

5    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6            If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

7    Material to any person or in any circumstance not authorized under this Stipulated Protective

8    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

9    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

10   Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

11   terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

12   Agreement to Be Bound" that is attached hereto as Exhibit A.

13   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

14          MATERIAL

15           When a Producing Party gives notice to Receiving Parties that certain inadvertently

16   produced material is subject to a claim of privilege or other protection, the obligations of the

17   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

18   is not intended to modify whatever procedure may be established in an e-discovery order that

19   provides for production without prior privilege review. Pursuant to Federal Rule of Evidence

20   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

21   communication or information covered by the attorney-client privilege or work product protection,

22   the parties may incorporate their agreement in the stipulated protective order submitted to the

23   court.

24   12.    MISCELLANEOUS

25           12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

26   seek its modification by the court in the future.

27           12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

28   Order no Party waives any right it otherwise would have to object to disclosing or producing any

544408

**STIPULATION AND PROTECTIVE ORDER**
**CASE NO. CV 13-05348 WHO**

1   information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

2   no Party waives any right to object on any ground to use in evidence of any of the material

3   covered by this Protective Order.

4          12.3          Filing Protected Material. Without written permission from the Designating Party

5   or a court order secured after appropriate notice to all interested persons, a Party may not file in the

6   public record in this action any Protected Material. A Party that seeks to file under seal any

7   Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

8   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

9   issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

10  that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled

11  to protection under the law. If a Receiving Party's request to file Protected Material under seal

12  pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the

13  information in the public record pursuant to Civil Local Rule 79-5€unless otherwise instructed by

14  the court.

15  13.    FINAL DISPOSITION

16         Within 60 days after the final disposition of this action, as defined in paragraph 4,

17  plaintiffs and their counsel must return all Protected Material to  State Farm General Insurance

18  Company or destroy such material. As used in this subdivision, "all Protected Material" includes

19  all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any

20  of the Protected Material. Whether the Protected Material is returned or destroyed, plaintiffs'

21  counsel must submit a written certification to State Farm General Insurance Company  by the 60

22  day deadline that (1) identifies (by category, where appropriate) all the Protected Material that

23  was returned or destroyed and (2) affirms that plaintiffs and their counsel have not retained any

24  copies, abstracts, compilations, summaries or any other format reproducing or capturing any of

25  the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

26  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

27  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

28  consultant and expert work product, even if such materials contain Protected Material. Any such

1  archival copies that contain or constitute Protected Material remain subject to this Protective

2  Order as set forth in Section 4 (DURATION).

3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4
5  Dated: September 4, 2014                    HEREFORD KERLEY, LLP

6
7                                        By _____

8                                             J. EDWARD KERLEY
                                             DYLAN L. SCHAFFER
9                                            Attorney for Plaintiffs
                                             JOSE and YADIRA FLORES dba LA ROSA
10                                           MARKET

11
    Dated:  September 4, 2014                HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
12

13
14                                        By _____

15                                           STEPHEN M. HAYES
                                             STEPHEN P. ELLINGSON
16                                           CHERIE M. SUTHERLAND
                                             Attorneys for Defendant
17                                           STATE FARM GENERAL INSURANCE
                                             COMPANY

18
                                              **ORDER**
19
20           PURSUANT TO STIPULATION, IT IS SO ORDERED.

21
22  Dated:  September 5          , 2014

23                                        By _____
                                             United States District Judge
24
                                             IT IS SO ORDERED
25
                                             Judge Vince Chhabria
26

27

28

544408
**STIPULATION AND PROTECTIVE ORDER**
**CASE NO. CV 13-05348 WHO**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Flores v. State Farm General Insurance Company*, Case No. CV 13-05348 WHO.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

544408